ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 09-40084-01-JAR |
| DAMON HUNTER, | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Damon Hunter's *pro se* Motion to Stay Sentence (Doc. 90). In his motion, defendant seeks a stay of the execution of his sentence pending appeal pursuant to Rule 38 of the Federal Rules of Criminal Procedure and Rule 8 of the Federal Rules of Appellate Procedure.[1]

As an initial matter, the Court denies defendant's motion because he is represented by competent counsel.[2] Moreover, defendant's *pro se* motion is denied because he is not entitled to a stay of his sentence. Fed. R. Crim. P. 38 requires the Court to stay a sentence of imprisonment if the defendant is released pending appeal. Defendant was ordered to self-surrender for service of his sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal. The Court granted defendant's motion for self-surrender despite the fact that this was a mandatory detention case, based on defendant's business and family obligations, his

---

[1]Under Rule 8, a party must first move for a stay in the district court.

[2]*See, e.g.*, *United States v. Pearl*, 324 F.3d 1210, 1216 (10th Cir. 2003) (denying *pro se* motion to file a supplemental appellate brief where defendant was represented by counsel).

record on pretrial release, and the fact that the government did not oppose the request.

Defendant was notified by the United States Marshals Service that he was to self-surrender to FCI Sandstone on November 16, 2010.[3] Defendant subsequently filed a *pro se* motion for temporary release pending incarceration, asking for an additional ten days to self-surrender. Defendant submitted an affidavit, attesting that he mistakenly believed that the Court indicated he would not be required to begin his term of custody for forty-five days from the date of his sentencing. The Court made no such statement on or "off the record." Nonetheless, defendant attested in his affidavit that he was unable to arrange for childcare for his two minor children until November 26, 2010 and that he had arranged for oral surgery in reliance on the 45-day average time for designation and asked that he be allowed to remain on temporary release until November 26. The government indicated no objection to defendant's request for a ten-day extension to report. On November 15, the Court granted defendant's request for a ten-day extension, emphasizing that no further extension will be granted.[4]

On November 24, 2010, defendant mailed the instant *pro se* motion to the Court, two days prior to self-surrendering at Sandstone. Because he has already reported to Sandstone, his motion appears to be moot. Under Fed. R. App. P. 9(c), the Court considers release of a defendant pending sentence or appeal under 18 U.S.C. § 3143. Under § 3143(b)(2), "[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be

---

[3](Doc. 88, Ex. A.)

[4]On November 29, 2010, defendant filed a *pro se* notice of appeal of this Order (Doc. 91).

2

detained." Under these provisions, this defendant is not entitled to release pending appeal because he has been found guilty of an offense under section 924(c). Accordingly, defendant's motion for stay of his sentence must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's pro se Motion for Stay of Sentence (Doc. 90) is denied.

**IT IS SO ORDERED**.


Dated: November 29, 2010

      S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE